IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE J. SAAD, et al., | ) | Case No. 1:03CV2557 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| GE HFS HOLDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM AND ORDER |

In this action, originally filed in the Cuyahoga County Court of Common Pleas, plaintiffs George J. Saad, Nour Management, Inc., Deaconess Radiological Services, Inc., and Deaconess Emergency Room Services, Inc. (collectively, "Saad") seek an award of damages and injunctive relief against defendant GE HFS Holdings ("GE"). Saad alleges that GE engaged in fraud in the inducement, breach of contract, and other related wrongdoing in connection with its extension of credit and advancement of monies to various plaintiffs connected with Deaconess Hospital. Now before the court is a motion for leave to file an amended Answer and to add counterclaims filed by GE (Docket No. 47). For the following reasons, the court grants this motion.

**I. Background**

GE removed the case to this court on December 17, 2003 (*See* Docket No. 1). Discovery proceeded in accordance with a schedule set by the court until June 15, 2004. On that date, the court issued an order (Docket No. 32) staying discovery until the resolution of a pending motion to withdraw the reference of an adversary proceeding pending in the Bankruptcy Court of this district. At the parties' request, the court later suspended its consideration of this motion, to facilitate ongoing settlement discussions (Docket No. 45).

On September 1, 2005, the Bankruptcy Court issued its final order dismissing the adversary proceeding with prejudice. On September 29, 2005, the court granted Saad's motion to lift the stay, and to resume discovery (Docket No. 35). GE now seeks leave to amend its Answer (Docket No. 13), to include certain defenses "established by events that have occurred in the bankruptcy cases," and to assert counterclaims against Saad pursuant to Federal Rule of Civil Procedure 13(a).

## II. Discussion

The court will consider GE's request in accordance with the permissive standard of Rule 15(a). Owing to the repeated suspension of case management deadlines outlined *supra*, the more demanding "good cause" standard of Rule 16(b) does not apply. *See, e.g., Century Business Services, Inc. v. Bryant*, No. 01-2166, Doc. No. 43 (N.D. Oh. Feb. 12, 2004)(Aldrich, J.)(explaining intersection of the two Rules).

Under Rule 15(a), leave to amend a pleading "shall be freely given when justice so requires." *See Tri-Med Finance Co. v. National Century Financial Enterprises, Inc.*, 208 F.3d 215 (6th Cir. 2000). "Generally speaking, the Sixth Circuit is very liberal in allowing amendments[.]" *Northwestern Nat'l Ins. Co. of Milwaukee v. Joslyn*, 53 F.3d 331 (6th Cir.1995)(citing *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

In determining whether justice warrants leave to amend, the court considers the length of the delay in seeking amendment and any reasons therefor, notice to the opposing party, bad faith, failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the utility or futility of the amendment. *See Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (citation omitted), *cert. den.*, 528 U.S. 842, *reh'g den.*, 528 U.S. 1039 (1999).  The court assesses the likely prejudice to the defendant in light of the movant's delay in seeking leave; "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citation omitted).  Conversely, the shorter the movant's delay in seeking leave, the

greater the showing of prejudice that is required.

In the instant case, GE filed its motion for leave to amend nearly 23 months after the filing of its original Answer. However, as noted *supra*, the court acceded to the parties' wishes and entered a stay of discovery, which remained in effect for 13 of those months. Moreover, GE has argued persuasively that it could not have alleged the defenses and counterclaims it now seeks to add until a final resolution of the parallel litigation in this district's Bankruptcy Court. GE filed its motion to amend 63 days after the court's order lifting the stay of proceedings in this court.

Under the circumstances, such a delay is not egregious and does not warrant denial of leave to amend. "Ordinarily, delay alone does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)(citations omitted). This is particularly true where, as here, there is nothing to suggest the delay was motivated by bad faith or will unduly prejudice Saad. "Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself, to disallow amendment of a pleading[.]" *Security Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995).

Notably, Saad has declined to offer any argument that amendment at this stage would substantially prejudice its interests. Absent such a contention, and taking note of GE's assertion that several of its "new" affirmative defenses have been raised in previous motions, the court must resolve the prejudice inquiry in GE's favor. This determination is strongly detrimental to Saad, since "[t]o deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent." *Duggins ex rel. Duggins v. Steak 'n Shake, Inc.*, 3 Fed. Appx. 302, 308 (6th Cir. Jan. 26, 2001) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)). *See also Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 386 (6th Cir. 2000) (nonmoving party did not identify any actual prejudice caused by movant's delay; noting that discovery period remained open when plaintiff filed for leave to amend).

Finally, Saad contends that amendment at this stage would be "futile." However, the burden of showing the proposed new claims are not futile is not particularly onerous. The movants "do not have to prove all the elements of their proposed count; it is sufficient that they demonstrate that there is some plausible basis in the record for their claim." *Fiordalisi v. Zubek*, No. 03CV908 (N.D. Oh. Dec. 16, 2003) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 280 (4th Cir. 1987)). Saad does not contend that GE's proposed defenses or counterclaims fail as a matter of law, but merely restates its previous arguments *contra* these positions. Thus, at this juncture, the court cannot confidently foreclose the possibility that GE may prevail on their proposed claims.

Because Saad has not demonstrated to the court's satisfaction that any delay in seeking leave to amend was accompanied by prejudice, bad faith, or futility, the court must grant leave to amend as sought by GE.

### III. Conclusion

For the foregoing reasons, the court grants GE's motion, and enters its Amended Answer, including Counterclaims. In the event that these amendments require the parties to file superseding motions for summary judgment, they may do so at any time on or before July 31, 2006.

IT IS SO ORDERED.

    /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: June 30, 2006**